NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAY JOSEPH JONES,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>BRANDON PRICE, Executive Director of Coalinga State Hospital in his individual capacity; PAM AHLIN, Executive Director in her individual capacity; ALDO MENDEZ; KEVIN ADAMS; CHANG LEE, M.D.,<br><br>        Defendants-Appellees. | No. 23-15353<br><br>D.C. No.<br>1:21-cv-01212-AWI-SAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 27, 2024[**]
San Francisco, California

Before: WALLACH,[***] NGUYEN, and BUMATAY, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Clay Jones appeals the district court's dismissal of his amended complaint for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Holt v. County of Orange*, 91 F.4th 1013, 1017 (9th Cir. 2024), we affirm.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But "to be entitled to the presumption of truth, allegations . . . may not simply recite the elements of a cause of action." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Rather, they "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.*

Jones's allegations are comparable to those we found insufficient in *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). *Hydrick* similarly involved allegations made by detainees at a state hospital concerning the conditions of their confinement. In *Hydrick*, as here, the complaint was "based on conclusory allegations and generalities, without any allegation of the specific wrong-doing by each Defendant." *Id.* at 942.

Jones asserts that the amended complaint "lists specific actions that would be taken in retaliation for a detainee's refusal of participation," but the actions

2

listed in the amended complaint are not specific. Just as the *Hydrick* plaintiffs

alleged that hospital staff made "improper seizures of personal belongings," *id.*,

Jones alleges the "[c]onfiscation and or destruction of [his] personal property."

The *Hydrick* plaintiffs alleged that they were "subject[ed] . . . to unreasonable

searches" and "searches as a form of punishment," *id.*, while Jones alleges that

defendants engaged in "[p]unitive and 'enhanced searches' that were devised for

no other purpose than for harassment and retribution." Here, as in *Hydrick*, "there

is no allegation of a *specific* policy implemented by the Defendants or a *specific*

event or events instigated by the Defendants that led to these purportedly

unconstitutional searches." *Id.*

Jones's most specific allegation is that each defendant "periodically

confiscated" musical equipment that was "[p]art of [his] treatment program" and

that defendants Brandon Price and Pam Ahlin refused to return the equipment

when he requested it.[1]  These allegations "are 'merely consistent with'" an

improper purpose. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

---

[1] Jones appears to claim violations of substantive due process insofar as he alleges that defendants acted "for the purpose of punishing" him. *See Jones v. Blanas*, 393 F.3d 918, 933 (9th Cir. 2004) ("[A] civil detainee awaiting adjudication is entitled to conditions of confinement that are not punitive."). Procedural due process, by contrast, "require[s] such 'procedural protections as the particular situation demands.'" *Taylor v. San Diego County*, 800 F.3d 1164, 1171 (9th Cir. 2015) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005)).  To the extent Jones intends to raise a procedural due process claim, he fails to describe defendants' procedures or explain how they were inadequate.

Without more, they do not plausibly show that defendants intended to punish him or acted excessively in pursuing legitimate, non-punitive interests. *See King v. County of Los Angeles*, 885 F.3d 548, 557 (9th Cir. 2018). Jones's allegation that defendants intended to punish him, as an element of his claim, is not entitled to the presumption of truth. *See Starr*, 652 F.3d at 1216.

**AFFIRMED.**